C. YONG JEONG, ESQ. (SBN 255244)
    jeong@jeonglikens.com
AMY J. CHOE, ESQ. (SBN 299870)
    amy.choe@jeonglikens.com
RYAN N. OSTROWSKI, ESQ. (SBN 305293)
    ryan.ostrowski@jeonglikens.com
JEONG & LIKENS, L.C.
1055 W. 7TH Street, Suite 2280
Los Angeles, California 90017
Tel. 213-688-2001
Fax. 213-688-2002

Attorneys for Plaintiff, UNICOLORS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC., a California Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>10 SPOT OF KEARNY LLC d/b/a MADRAG CLOTHING and 10 SPOT PLUS., a New Jersey Corporation; AMICI ACCESSORIES, LTD., New York Corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 2:16-cv-05242-ODW(GJSx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF CHAN YONG JEONG; [PROPOSED] FIRST AMENDED COMPLAINT**<br><br>DATE:          February 27, 2017<br><br>TIME:          1:30 p.m.<br><br>COURTROOM:  5D, First Street Courthouse |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2017 at 1:30 p.m. in Courtroom 5D of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff UNICOLORS, INC., will move and hereby does move, pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file the First Amended Complaint. This motion is based on the accompanying Memorandum of Points and Authorities, Declaration of Chan Yong Jeong, and [Proposed] First Amended Complaint.

This motion is brought after the parties conducted a Rule 7-3 Conference discussing the issues underlying this Motion on or about January 5, 2017. The parties were unable to resolve the issues raised in the motion.

Dated: January 19, 2017

Respectfully submitted,

/s/*Chan Yong Jeong*

Chan Yong Jeong
Attorney for Plaintiff,
UNICOLORS, INC.

MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff, UNICOLORS, INC. ("Plaintiff") has made several attempts to discuss Plaintiff amending its complaint with Defendant, AMICI ACCESSORIES, LTD's ("Defendant") consent, but Defendant has refused to give such consent. Plaintiff now seeks the Court's leave to file a First Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). Through Defendant's discovery disclosures and Plaintiff's further investigation, Plaintiff has learned of the identity of a previously unidentified Doe Defendants that were involved in the events that led to the filing of this lawsuit.  Accordingly, their substitution is critical to a complete resolution of this action.

Plaintiff now moves to file a First Amended Complaint, which seeks to substitute CHARLOTTE RUSSE, INC. as a Doe Defendants.

### II. RELEVANT FACTUAL HISTORY

This is an action for copyright infringement. Plaintiff is a California-based company engaged in the apparel industry as a textile converter of imported and domestic fabrications. Plaintiff is the owner and author of a two-dimensional artwork called "TM 1397" ("Subject Design"). Plaintiff applied for and was granted a copyright for the Subject Design, receiving Registration No. VA 1-770-396. Without Plaintiff's authorization, Defendant, AMICI ACCESSORIES, LTD. sold garments comprised of fabric bearing the Subject Design.

On July 15, 2016, Plaintiff filed a Complaint against Defendants AMICI ACCESSORIES, LTD. for the above described infringements. Plaintiff's Complaint also named unidentified Doe Defendants, who likewise, had infringed Plaintiff's copyrights.

The identity of one of the Doe Defendants is now known. While conducting discovery and further investigating the matter, Plaintiff learned of the existence of an additional party, CHARLOTTE RUSSE, INC. ("Charlotte Russe"), that played a role in the unauthorized manufacture, reproduction, distribution, and/or sale of the Subject Design. Charlotte Russe is a retailer and/or vendor that sold garments bearing Plaintiff's copyrighted design.  The proposed First Amended Complaint alleges that each defendant accessed and copied Plaintiff's copyrighted design without Plaintiff's permission, had the right and ability to supervise such infringement, and had a direct financial interest in the infringing product.  The First Amended Complaint further alleges that each defendant knowingly induced, participated in, aided and abetted in and resultantly profited from the sale of products featuring Plaintiff's design.  These allegations against the defendants are based on receipts, invoices, and other documents showing the defendants' sale or purchase of products featuring Plaintiff's design.  (Jeong Decl. at ¶ 6); *see* Exhibits to [Proposed] Plaintiff's First Amended Complaint (Exhibit 1).

## III. LEAVE TO AMEND IS FREELY GIVEN

The Federal Rules provide that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Federal policy strongly favors determination of cases on their merits. Therefore, the role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party. *Foman* v. *Davis,* 371 U.S. 178, 182 (1962); *Sonoma  County Ass'n of Retired Employees* v. *Sonoma County,* 708 F.3d 1109, 1117 (9th Cir. 2013).

Rule 15 reflects the limited role assigned to federal pleadings: i.e., their purpose is simply to provide the parties with fair notice of the general nature and type of the pleader's claim or defense. As long as such notice has been provided, the pleadings should not limit the pleader's claims or defenses. *Foman* v. *Davis,* 371 U.S.

178, 182 (1962). Accordingly, Rule 15 provides the parties with flexibility in presenting their claims and defenses and leave to amend is "to be applied with extreme liberality." *Owens* v. *Kaiser Found Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted).

## IV. LEAVE TO AMEND IN THE PRESENT CASE SHOULD BE GRANTED

"Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Roth* v. *Garcia Marquez,* 942 F.2d 617, 628 (9th Cir. 1991). None of these factors is present here. Plaintiff has recently learned of the existence of new parties that Plaintiff is informed and believes are responsible for infringing upon Plaintiff's copyright in the Subject Design. The addition of CHARLOTTE RUSSE, INC. is critical to according Plaintiff complete relief and resolving this action. Plaintiff's original Complaint specifically named unidentified Doe Defendants for the purpose of substituting new defendants when their identity was revealed. Further, Plaintiff has brought this Motion prior to the deadline to add new parties and amend the complaint. Thus, Plaintiff's motion for leave should be granted.

## V.     MONETARY SANCTIONS SHOULD BE AWARDED AGAINST AMICI ACCESSORIES, LTD. FOR FORCING PLAINTIFF TO FILE THIS MOTION

On December 15, 2016, Plaintiff asked Defendants, through their counsel to stipulate to Plaintiff's filing of a first amended complaint substituting CHARLOTTE RUSSE, INC as a Doe Defendant.  (Jeong Decl. at ¶ 13).  Plaintiff notified Defendant's counsel that there was evidence indicating that CHARLOTTE RUSSE, INC. had been involved in the infringement at issue in their case and that their

1  inclusion would be necessary in order for UNICOLORS, INC. to be fully

2  compensated for the infringement of its copyright.  *Id.*

3       During the Rule 7-3 conference, Defendant's counsel stated that AMICI

4  ACCESSORIES, LTD. will not stipulate to the addition of CHARLOTTE RUSSE,

5  INC. on the sole basis AMICI ACCESSORIES, LTD. believes the Statute of

6  Limitations as to CHARLOTTE RUSSE, INC. has run. *Id* at ¶ 14. However, AMICI

7  ACCESSORIES, LTD. failed to give any reason to justify their reasoning.  *Id* at ¶ 15.

8  Specifically, AMICI ACCESSORIES, LTD. failed to provide any date to which they

9  believe UNICOLORS, INC. should have been on notice of CHARLOTTE RUSSE,

10  INC.'s involvement in the infringement at issue in this present matter prior to

11  UNICOLORS, INC. receiving notice of CHARLOTTE RUSSE, INC.'s involvement

12  in approximately December 2016, which is when AMICI ACCESSORIES, LTD.

13  served their first set of responses to UNICOLORS, INC.'s propounded discovery

14  requests.

15       Plaintiff's lead counsel Mr. Chan Yong Jeong has about 9 years handling

16  complex commercial litigation matters, including intellectual property cases.  His

17  hourly rate is $500 an hour.  He spent 5 hours preparing the instant Motion and

18  expects to spend an additional 8 hours, for reasons further explained in the

19  Declaration of Chan Yong Jeong at ¶¶ 15-17. In total, UNICOLORS, INC. requests

20  $6,500 hours in attorneys' fees it spent related to the motion.

21

22  //

23  //

24  //

25  //

26  //

27  //

28  //

MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

## VI. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant Plaintiff's leave to file their First Amended Complaint, which has been filed concurrently with this Motion.

Dated: January 19, 2017

Respectfully submitted,

/s/*Chan Yong Jeong*

Chan Yong Jeong
Attorney for Plaintiff,
UNICOLORS, INC.

MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT